MORRIS WALSH, JR., DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 23, 1904—Decided March 6, 1905.

A passenger in a car of the defendant was injured by a collision between the car and a wagon. There was evidence from which the jury might infer that the accident was caused by the hind wheel of the wagon "slewing" toward the car while the driver was crossing from the westbound to the eastbound track, and that a wagon wheel getting in the guard rail would naturally follow over toward the track upon which the car was traveling, and that this result would follow nine times out of ten with a wagon driven in this direction. *Held*, that it was a question for the jury, whether the motorman, in the exercise of reasonable care, ought not to have anticipated the danger of the wagon veering toward the westbound track and colliding with the car.

---

On writ of error to the Essex Circuit.

For the plaintiff in error, *Hobart Tuttle*.

For the defendant in error, *Samuel Kalisch*.

The opinion of the court was delivered by

SWAYZE, J. The plaintiff was a passenger in a street car of the defendant company and was injured by a collision between the street car and a wagon. There was evidence from which a jury might fairly infer that the accident happened

at a crossover or switch between the westbound and eastbound track, and that it was caused by the hind wheel of the wagon "slewing" toward the car while the driver was crossing from the westbound to the eastbound track. There was evidence that a wagon wheel getting in the groove or guard rail would naturally follow over toward the track upon which the car was traveling; that this would occur very often, probably nine times out of ten, with a wagon driven in this direction. It was a fair question for the jury, therefore, whether the motorman, in the exercise of reasonable care, ought not to have anticipated the danger of the wagon veering toward the westbound track and colliding with the car. The court was therefore right in refusing to direct a verdict for the defendant.

The declaration alleged that the defendant negligently managed, operated and propelled the car. The court was requested to charge that the proofs on the part of the plaintiff must conform to the allegation in the declaration and pleadings. The point intended to be made was that the plaintiff could not recover by reason of any defect in the roadbed or in the construction of the tracks and switch or crossover at that point.

The court was requested by the plaintiff to charge upon this subject: "That even if the collision between the car and the vehicle was the result of a defective condition in the roadbed between the tracks or in the switch, and this condition contributed to the collision between the wagon and the car, the plaintiff, being a passenger on the car, and being entitled to the use of reasonable care on the part of the defendant to be carried safely, the plaintiff, if he was injured as the result of said collision, would be entitled to recover under the declaration in this suit." The court declined to charge in accordance with the plaintiff's request, and charged as follows: "There is no proof that the trolley company was responsible for the condition of the roadbed between the tracks. There is no proof that the switch or crossover was defective, in the sense of being made of imperfect materials or out of condition. There is evidence that if a wheel of a moving vehicle

got into the groove of the guard rail it would be likely to follow the curve of the crossover, and so carry with it the end of the vehicle to which the wheel belonged. And, of course, it is common knowledge that if a roadbed is sunk, and a wheel of a moving vehicle gets into a depression thus formed, the movement of the vehicle may be checked, and the course of the vehicle or of the part of the vehicle to which such a wheel belongs may be altered. Now, the question which arises on this branch of the case, under this declaration, which is founded purely on the negligent operation of the car, and not on the construction of the roadbed, is this: Ought the motorman, in the exercise of a high degree of care, have apprehended that the rear of the wagon would be likely to slip or slide or slew towards the car, by reason of the crossover or the condition of the pavement, and that an accident might thus occur? If he ought to have apprehended this, then it was his duty to act with reference to that probability, and hold the car back until the wagon was at a safe distance. If he failed to guard against a danger that he ought to have anticipated, and by reason of his failure the accident occurred, then he was negligent, and his negligence occasioned the accident, and your verdict should be for the plaintiff. On the other hand, if such a danger was merely a remote possibility, which even a very careful man would not anticipate or look out for, then the motorman was not bound to act with reference to it, but might assume that every part of the wagon would keep its true course, and an accident resulting from the sliding, slipping or slewing of the rear of the wagon toward the car would not be an event due to the negligent operation of the car, and your verdict should be for the defendant." The plain effect of this charge was to limit the plaintiff's right to recover to negligence on the part of the motorman and to exclude a right to recover for a defect in the roadbed, tracks or switch. We think that the court substantially complied with the defendant's request.

We find no error in the record, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VOORHEES, VROOM, GREEN.   11.

*For reversal*—None.