CHARLES H. BROWER, PLAINTIFF AND APPELLEE, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, DEFENDANT AND APPELLANT.

Submitted June 18, 1906—Decided November 12, 1906.

1. There are cases in which the court may instruct the jury to find negligence, but they are such that both the facts and the inferences to be drawn from them are indisputable, so that if a verdict were rendered against them it must be set aside as contrary to the whole of the evidence.

2. The plaintiff was a passenger upon a street car operated by the defendant, and was injured through a collision between the car and a wagon standing on the street. The evidence showed that the car had stopped to let off passengers, and while it was thus standing, an unattended horse with its wagon was standing alongside of the front part of the car. Sufficient space intervened between the side of the car and the side of the wagon to permit the car to pass. The car had started slowly, when the driver of the horse approached and started the horse forward. By reason of the movement of the horse, and perhaps by reason of snow and ice in the street, the rear end of the wagon slid into the car and broke a window and injured the plaintiff. Upon this evidence the trial judge directed a verdict for the plaintiff. *Held*, that the question of negligence of the defendant was for the jury.

On appeal from the District Court of the city of Camden.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the plaintiff, *M. Bergen Stone.*

For the defendant, *Edmund B. Leaming.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered in the District Court of the city of Camden.

The action was brought by a passenger in a street car of the defendant company to recover for injuries received from broken glass caused by a collision between the car and a wagon.

The evidence showed that the trolley car of the defendant in which the plaintiff was a passenger stopped on Market street, Camden, at the street crossing of Seventh street, to let off passengers, and while the car was thus standing, a horse with its wagon was standing at the side of the front part of the car. The horse was unattended. There was sufficient space between the car and the wagon for the car to pass. In this position the car started on its journey, and when about half way by the wagon the wagon came in contact with the car and broke a car window and injured the plaintiff, who was sitting about the middle of the car. At the time of the accident the car had only just started and was moving slowly. Just after the car started, the driver of the horse and wagon came from a house opposite and went to the horse and started it forward, when, by reason of the movement of the horse, and perhaps by reason of the street being covered with snow and ice, the rear end of the wagon slid over into the car and broke the car window, and the plaintiff was injured.

None of the above recited facts were in dispute.

With respect to the space which intervened between the side of the car and the side of the wagon, there seems to have been a conflict of testimony. All of the witnesses, both those of the plaintiff and those of the defendant, testified that there was a space of from a foot to eighteen inches, excepting the plaintiff, whose testimony may indicate that there was less space intervening. The plaintiff says that he happened to look out of the window and saw the wagon very close—some two or three inches from the window.

Upon this evidence the trial judge directed a verdict for the plaintiff, leaving to the jury only the question of damages. To this instruction the defendant prayed and was allowed an exception.

This ruling of the trial judge presents the question raised for consideration.

I think the action of the court in directing a verdict for the plaintiff was erroneous.

There are cases in which the court may instruct the jury to find negligence, but these are such that both the facts and the

inferences to be drawn from them are indisputable, so that if a verdict were returned against them it must be set aside as contrary to the whole of the evidence. *Moebus v. Becker,* 17 *Vroom* 41.

This court, in *Belles v. Kellner,* 37 *Vroom* 561, and the Court of Errors and Appeals, in the same case, in 38 *Id.* 255, clearly points out that failure to guard teams cannot be con-sidered negligence *per se.* What might be negligence as to one team or under certain conditions would not be as to another team or under other conditions. If among the many teams left unguarded some may be negligently so left, the street railway company cannot have imposed upon it the burden of assuming that all unguarded teams are sources of danger and be made negligent for passing any unguarded team.

The case of *Walsh v. North Jersey Street Railway Co.,* 42 *Vroom* 641, was one in which a passenger in a car of the defendant was injured by a collision between the car and a wagon. There was evidence from which the jury might infer that the accident was caused by the hind wheel of the wagon "slewing" toward the car while the driver was crossing from the westbound to the eastbound track. In that case it was held by the Court of Errors and Appeals that it was a question for the jury whether the motorman was guilty of negligence.

In the case now under judgment the evidence above recited leaves both the facts and the inferences to be drawn from them in dispute, and the question of the negligence of the defendant should have been submitted to the jury. The direction of a verdict for the plaintiff by the trial judge was therefore erroneous.

The result is that the judgment below should be reversed and a *venire de novo* awarded.